**SIGNED THIS: October 27, 2011**

_Mary P. Gorman_
_____
**MARY P. GORMAN**
**UNITED STATES BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | Case No. 09-72296 |
| PRESCOTT D. TRAHAN, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |

## O P I N I O N

Before the Court is a Motion for Authority to Return Funds to Debtor filed by Jeffrey D. Richardson, who alleges that he is the Chapter 7 trustee in this reopened case. Mr. Richardson has possession of over $18,000 from an inheritance the Debtor received from his grandmother's estate. But, because no claims have been filed in this case, Mr. Richardson wants to return the funds to the Debtor. No creditor or party in interest has objected to Mr. Richardson's Motion. However, because Mr. Richardson was discharged from his original appointment as trustee and was not reappointed after the case reopening, he is not the trustee in this case and his Motion must be denied.

–1–

## Factual and Procedural Background

Prescott D. Trahan ("Debtor") filed his voluntary petition under Chapter 7 on August 4, 2009. Jeffrey D. Richardson was appointed as interim Chapter 7 trustee. The Debtor's meeting of creditors, conducted by Mr. Richardson, was held on September 16, 2009. On September 24, 2009, Mr. Richardson filed a Chapter 7 Trustee's Report of No Distribution stating that, after due inquiry, he had found no assets to administer. The Debtor received a discharge on November 20, 2009. An order was entered on December 7, 2009, declaring the estate fully administered and discharging Mr. Richardson as trustee. The case was closed on that same day.

On October 6, 2010, Mr. Richardson filed a Motion to Reopen Case. Therein, he recited that he had been informed by the Debtor's attorney that the Debtor's grandmother had died and the Debtor might be receiving an inheritance. Mr. Richardson asserted that the expected inheritance was an asset of the Debtor's bankruptcy estate and, accordingly, the case should be reopened. In the absence of any objection, this Court entered an order reopening the case on October 27, 2010.

On May 23, 2011, Mr. Richardson docketed a request for a claims bar date to be set. The next day, the Clerk of Court issued this Court's form order setting August 24, 2011, as the claims bar date for all creditors. Notice of the claims bar date was sent to all creditors and parties in interest listed on the case mailing matrix.

After the bar date passed and he determined that no claims had been filed, Mr. Richardson filed his Motion for Authority to Return Funds to Debtor. In the Motion, Mr. Richardson says that he is the Chapter 7 trustee in this case and asks for authority to return $18,240.46 in inheritance funds to the Debtor because there are no claims to pay.[1] Although no creditor or party in interest objected to Mr. Richardson returning the funds to the Debtor, this Court entered a *sua sponte* Order

---

[1] In his later-filed memorandum of law, Mr. Richardson says he has $18,241.76 to distribute to the Debtor. The Court assumes that the slight difference in the amounts is due to interest having been earned on the funds.

on September 21, 2011, requesting both Mr. Richardson and Nancy Gargula, the United States

Trustee ("UST"), to submit memoranda of law regarding the authority of Mr. Richardson to act as

a trustee in this case after reopening "without any formal reappointment noted in the public docket

and without compliance with Fed. R. Bankr. P. 5010." Both Mr. Richardson and the UST have

responded to the Court's request and the Motion for Authority to Return Funds to Debtor is now

ready for decision.

### Jurisdiction

This Court has jurisdiction to hear the pending matters pursuant to 28 U.S.C. § 1334. The

issues before the Court relate directly to the administration of the estate and are, therefore, core

proceedings. *See* 28 U.S.C. § 157(b)(2)(A).

### Legal Analysis

A closed bankruptcy case may be reopened "to administer assets, to accord relief to the

debtor, or for other cause." *See* 11 U.S.C. § 350(b). The reopening may be at the request of the

debtor or another party in interest. *See* Fed. R. Bankr. P. 5010. Although not expressly stated,

discharged trustees are generally considered to be parties in interest with standing to move to reopen

cases they previously administered. *See Matter of Linton,* 136 F.3d 544, 546 (7th Cir. 1998) (the

term "party in interest" in Rule 5010 is generally held to include the previously discharged trustee),

*but see In re DeLash*, 260 B.R. 4, 8 (Bankr. E.D. Cal. 2000) (suggesting that *Linton* is limited to the

circumstance where the trustee has a personal interest in the reopening and holding that discharged

trustees have no standing to move to reopen.)

The better view is that Mr. Richardson had standing to bring the Motion to Reopen when he

learned of the Debtor's possible inheritance. Requiring a discharged trustee to stand back and wait

–3–

for the UST, a creditor, or the debtor to request a case reopening is not required by Rule 5010. What Mr. Richardson did not have, however, was authority to reappoint himself as trustee. *See In re Kissinger*, 2011 WL 2632856 at *2 (Bankr. W.D. Mich. June 28, 2011), *citing* 28 U.S.C. § 1930 along with appended text from The Bankruptcy Fee Compendium.[2]

The appointment of a trustee upon the reopening of a bankruptcy case is not automatic. To the contrary, in Chapter 7, 12, and 13 cases, the UST is only authorized to appoint a trustee in a reopened case after obtaining from the court an express finding that a "trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case." *See* Fed. R. Bankr. P. 5010. Here, neither Mr. Richardson nor the UST ever requested or obtained the requisite finding from this Court. And, the UST never reappointed Mr. Richardson as trustee in this case. In his memorandum of authority, Mr. Richardson cites neither to Rule 5010 nor to any case law to justify his acts after the case reopening. He candidly confesses that he was simply under the "assumption" that he was "going forward with the case as the Trustee." The UST does discuss Rule 5010 and related case law in her memorandum but readily admits that "absent this Court's exercise of discretion directing the appointment of a trustee, a trustee may not be appointed by the UST in a reopened case."

There is no real dispute here. Mr. Richardson is not the trustee in this reopened case. Thus, he had no authority to demand turnover of the Debtor's inheritance and he has no authority to retain possession of the inheritance funds. Accordingly, he is not entitled to have this Court place its stamp of approval on his proposed distribution of such funds. *See In re Levine* 287 B.R. 683, 701 (Bankr. E.D. Mich. 2002) (trustee not entitled to approval of settlement which includes provisions beyond trustee's authority to settle); *In re Cent. Ill. Energy, LLC*, 406 B.R. 371, 373 (Bankr. C.D. Ill. 2008)

---

[2] The Bankruptcy Fee Compendium, issued by the Administrative Office of United States Courts, provides guidance to bankruptcy clerks with respect to the collection of the fees prescribed by the Judicial Conference of the United States pursuant to 28 U.S.C. § 1930.

(Perkins, J.) (trustee not permitted to act in a manner that exceeds authority).

Although neither Mr. Richardson nor the UST argued that Mr. Richardson was actually authorized to act as trustee in this case, both made suggestions in their memoranda regarding what the Court should do to rectify the problem they now face. Mr. Richardson suggests that the Court should simply enter a new order finding that the appointment of a trustee is necessary. He claims that he has spoken with representatives of the UST's office and they have agreed to reappoint him if given the authority to do so. The UST suggests that the Court find a remedy by looking to Federal Rule of Civil Procedure 60(b) as made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9024. *See* Fed. R. Civ. P. 60(b); Fed. R. Bankr. P. 9024. The UST claims that Mr. Richardson's failure to request the requisite finding authorizing his reappointment was the result of inadvertence or excusable neglect and that, pursuant to Rule 60(b), this Court can reconsider its Order of October 27, 2010, and now include the necessary findings in a new order.

Procedurally, the suggestions of both Mr. Richardson and the UST are defectively presented. Generally, requests for orders or other relief must be brought by motion with proper service on all entities entitled to notice. *See* Fed. R. Bankr. P. 9013; Fed. R. Bankr. P. 9014(a). Tucking a request — or a suggestion — for new relief in a memorandum of authority filed in support of a motion which sought entirely different relief does not comply with the Rules. Granted, there is authority for the proposition that relief may be awarded based on the content rather than the caption of a pleading or document. *See Guyton v. U.S.*, 453 F.3d 425, 427 (7th Cir. 2006); *Melton v. U.S.*, 359 F.3d 855, 857 (7th Cir. 2004). But, here, the content of the memoranda is inadequate to meet the requirements of a proper motion, and Mr. Richardson and the UST only served each other and the Debtor's attorney with their memoranda. The collective violation of Rule 5010 by the UST and Mr. Richardson cannot be rectified by their joint violations of Rules 9013 and 9014.

The procedural problems here stem from the faulty assumption found in both memoranda

that, because the Court identified the problem of non-compliance with Rule 5010, it is the duty of the Court to craft a remedy for the problem. Implicit in that assumption is the equally faulty belief that, unless and until this Court explicitly calls a specific provision of the Bankruptcy Code or Rules to the attention of practitioners, compliance with that specific provision is not mandatory. Nothing could be further from the truth. Compliance with all provision of the Bankruptcy Code and Rules is expected, and no waiver of such compliance should ever be assumed based on the fact that this Court has not made a formal pronouncement on a particular issue or statutory provision.

Substantively, the suggestions of both Mr. Richardson and the UST also lack merit. Mr. Richardson asks the Court to find that the appointment of a trustee is necessary but provides no support for that request. He does not ask for the finding to be retroactive and, accordingly, his proposed reappointment would be prospective only. Thus, his reappointment now would not right the wrongs that have already occurred. Further, nothing remains to be done in this case by a trustee. The order setting the claims bar date was validly entered and properly served notwithstanding the fact that the request for the bar date came from Mr. Richardson who was not the case trustee at the time. Mr. Richardson correctly reports that no claims have been filed. Consequently, the funds held by Mr. Richardson must be returned to the Debtor forthwith. But, that can be accomplished without an order from this Court. The funds are held by Mr. Richardson personally — not as trustee — and his appointment as a trustee is not a necessary precondition to his return of the funds to the Debtor.

Even if Mr. Richardson had asked for retroactive or *nunc pro tunc* relief, such relief could not be granted. As the UST points out in her memorandum, *nunc pro tunc* relief is allowed to correct clerical, typographical, or ministerial errors so that official records reflect what was actually done by a court, but what may not have been previously accurately recorded or documented. *See U.S. v. Suarez-Perez*, 484 F.3d 537, 541 (8th Cir. 2007). *Nunc pro tunc* relief is not granted to rewrite history. *Id.* Mr. Richardson filed a motion seeking only to reopen this case, and the Order that was

entered granted all of the relief he requested. There is no error in this Court's records to be corrected. Granting *nunc pro tunc* relief here would be rewriting history.

The UST fares no better than Mr. Richardson with her substantive suggestions. Although she alleges that Rule 60(b) relief is appropriate because Mr. Richardson's failure to ask that the UST be authorized to appoint a trustee was due to inadvertence or excusable neglect, she fails to buttress that assertion with any facts. Rule 60(b) relief is not appropriate where the error, if any, was made due to an attorney's failure to research and know the law. *See Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Rule 5010 has been in effect in its current form since 1991, and neither the UST nor Mr. Richardson offered any explanation why they both were unaware of its mandates. The UST suggests in her memorandum that this case represents an isolated instance of Mr. Richardson failing to ask for the necessary finding and the UST failing to follow up with a formal appointment. But, that is simply not true. The problem here occurred because of a systemic failure in the UST's procedures. The UST has failed to develop proper procedures for reviewing case reopenings and determining when the Court should be requested to authorize the appointment of a trustee in reopened cases.

In the Springfield Division of the Central District of Illinois, 89 bankruptcy case were reopened during the period from January 1, 2008, through September 30, 2011. Most were reopened at the request of debtors to file financial management certificates, avoid liens, or amend schedules. In only 19 of the 89 cases did the motion to reopen include an allegation that there was a potential asset to be administered. Thus, in only 19 of the reopened cases would it have been likely that this Court would have found that the appointment of a trustee was necessary. But, no request for such a finding was made in any of those 19 cases and none of the orders granting reopening in those 19 cases included authorization for the UST to appoint a trustee. Nevertheless, in 14 of the 19 cases,

–7–

the UST docketed a notice of appointment of a trustee after the reopening.[3] And, in the other five cases, the dockets reveal that the previously-discharged trustees filed documents and acted as trustees in those reopened cases despite not receiving notices of reappointment.[4]

The UST does not have adequate procedures in place to review reopened cases and lacks a process to determine when a trustee should be appointed in a reopened case. Yet, when it does come to her attention that such a trustee appointment might be appropriate, she makes the appointment despite her lack of authority to do so. What is most surprising about the UST's lack of proper procedures for trustee appointment in reopened cases is that the Chapter 7 trustees have apparently been acquiescent in the faulty practice despite the fact that is they rather than the UST who are put at risk by the improper appointments.

Both Chapter 7 trustees and the UST "are responsible for understanding the boundaries of a panel trustee's power and authority" and for ensuring that those boundaries are not exceeded. *Cent. Ill. Energy*, 406 B.R. at 373. This is true regardless of any perceived benefit to the estate of the trustee's actions. *Id.*

Chapter 7 trustees are generally considered to be entitled to quasi-judicial immunity and do not incur personal liability for acts done within scope of their statutory duties. *See Coglianese v. Feiwell*, 2008 WL 474213 at *9 (N.D. Ind. Feb. 19, 2008) (collecting cases). When they exceed their

---

[3] In re Louis Harvey Pullins and Marcia Kay Pullins, 04-75610; In re Amy Lynn Krumreich, 05-76965; In re Richard H. Winkeljohn and Judith J. Winkeljohn, 05-77276; In re Tiffany Anne Rossiter, 07-71400; In re Richard P. Hayes, 05-78163; In re Richard Scott Webb and Christina Gail Webb, 07-71544; In re James K. Edgecombe and Emily R. Edgecombe, 07-72261; In re Trevor W. Casper, 07-72356; In re Karen Gerarda McKinney, 07-72595; In re Rodriques Kenyata Wilson, 08-72044; In re William R. Mattila and Carolyn S. Mattila, 08-72384; In re Danny Lewis Weber and Isla Dorene Weber, 08-73091; In re Gretchen Kay Alexander, 09-72197; and In re William T. Herman and Rachel K. Herman, 09-72372.

[4] In re Angela Lou Capps, 08-70500; In re William E. Hankinson, 08-70693; In re Kelly L. Jacobs, 09-71041; In re Patricia Ann Shannon, 09-72009; and In re Prescott D. Trahan, 09-72296.

authority, however, they are not entitled to immunity and may be held personally liable for their conduct. *Id*. A previously-discharged trustee who has not been reappointed does not have even colorable authority to act in a reopened case and, therefore, cannot possibly have quasi-judicial immunity. Previously discharged trustees do not have a duty to act absent formal reappointment. To the contrary, a previously discharged trustee should insist that the UST follow the requirements for reappointment before accepting reappointment and beginning to act as trustee.

Chapter 7 trustees provide valuable service to the bankruptcy system and often do so without the prospect of meaningful compensation. They only receive significant compensation when they are able to collect assets, sell property, settle causes of action, and the like. Thus, it is the Chapter 7 trustees who should be the experts in the procedures required to take such actions, and it is the Chapter 7 trustees who should be demanding that the UST, attorneys for debtors and creditors, the Clerk of Court and, indeed, this Court, follow all required procedures. Cutting corners on procedural requirements increases the potential for trustees to incur personal liability. Chapter 7 trustees should not put themselves at personal risk when administering bankruptcy estates. Chapter 7 trustees are not required to "go along to get along" but rather are required to know, understand, and follow the provisions of the Bankruptcy Code and Rules which govern their conduct.

## Conclusion

The requirements of Rule 5010 were ignored by Mr. Richardson in this case and have been repeatedly ignored by the UST in many cases reopened by this Court. The remedy on a going-forward basis is for all concerned to pay much closer attention to the Bankruptcy Code and Rules and not to assume that, because something has always been done a certain way, it is being done correctly.

The remedy for the immediate matter is to leave the parties where they find themselves and

–9–

to deny the requested relief. Mr. Richardson is not the case trustee and this Court must decline to make a finding, at this late date, that the UST should be authorized to appoint a trustee. Accordingly, Mr. Richardson's Motion for Authority to Return Funds to Debtor will be denied. Obviously, that does not mean that Mr. Richardson, in the individual capacity in which he holds the funds, should not return the funds to the Debtor. To the contrary, he should return the funds post-haste.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###